Alfonse **REICHENBERGER**, Thomas Reichenberger, Lucille Francine Chicase, a/k/a Lola Montez, Plaintiffs,

v.

Robert **WARREN**, James Boll, Wilbur Emery, Herman Thomas, David Prisk, as individuals, and in their official capacities as Attorney General, District Attorney, Police Chief, Police Inspector, Police Officer, respectively, Defendants.

No. 70-C-143.

United States District Court,
W. D. Wisconsin.

Nov. 24, 1970.

David Loeffler, Milwaukee, Wis., for plaintiffs.

Jeffrey B. Bartell, Asst. Atty. Gen., Madison, Wis., for defendants.

JAMES E. DOYLE, District Judge.

## OPINION AND ORDER

Plaintiffs challenge the constitutionality of Section 944.20(2), Wis.Stat., which provides:

944.20 Lewd and lascivious behavior

Whoever does any of the following may be fined not more than $500 or imprisoned not more than one year in county jail or both:

\* \* \* \* \* \*

(2) Publicly and indecently exposes a sex organ. \* \* \*

Plaintiffs allege in their complaint that plaintiffs Reichenberger are the owners of a cocktail bar in which entertainment is provided, and that plaintiff Chicase was employed as a dancer at the bar.[1] They allege that plaintiff Chicase has been arrested and is being prosecuted for violating Section 944.20(2).

Plaintiffs seek a declaratory judgment that Section 944.20 is overly broad and in violation of the First Amendment as it is embodied in the Fourteenth Amendment to the Constitution of the United States. Defendants have moved to dismiss on several grounds.

The complaint states a cause of action under 42 U.S.C. § 1983. Jurisdiction is present under 28 U.S.C. § 1343(3).

There is clearly a sufficiently real controversy between the plaintiff Chicase and those defendants who have arrested her and who are prosecuting her, to support an action for a declaratory judgment. The interest of the plaintiffs Reichenberger is less clear from the complaint, but I will assume that they also have standing to maintain an action for a declaratory judgment.

The defendant Attorney General has moved to dismiss the complaint against him on the ground, among others, that he has no statutory authority or direct role in the prosecution or enforcement of Section 944.20(2) against any of the plaintiffs. The complaint alleges only that the defendant Attorney General "has ultimate responsibility for the enforcement of the state criminal code."

There is nothing in the statutes which makes the Attorney General responsible for the acts of county district attorneys, although he is to consult and advise with them when requested by them. Sec. 165.25(3), Wis.Stat. (1969). See 165.-015, Wis.Stat. (1969).

The Attorney General is entitled to an order dismissing the action as to him, on this ground.

The remaining defendants have moved to dismiss the action on the ground that the complaint fails to state a claim against them upon which relief can be granted. They contend that the constitutional challenge to Section 944.20(2) is insubstantial.

Under Section 944.20(2), the exposure of the sex organ is not criminal unless it is performed "indecently." The Wisconsin Supreme Court has made it very clear that in construing the term "obscene" as it appears in Wisconsin statutes, the Court will import the definition of obscenity approved by the Supreme Court of the United States in

---

[1] The court is aware extrajudicially that plaintiffs' place of business is no longer a bar. However, Section 944.20(2) is not limited in application to places selling liquor. I am aware of no other change of circumstances relevant to the issues raised by the complaint and the motions to dismiss herein.

Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and in its subsequent decisions.[2] It is reasonable to conclude that the Supreme Court of Wisconsin will respond in the same manner with respect to the term "indecently."

But plaintiffs' principal contention here is that even if it is assumed that Section 944.20(2) is applicable to exposure which is obscene, as obscenity is defined in *Roth*, the statute is nevertheless overly broad because it prohibits obscene conduct without respect to the situation in which it occurs.

■ In an opinion and order entered today in United States v. B. & H. Dist. Corp., D.C., 319 F.Supp. 1231, and in an opinion and order entered today in Reichenberger v. Conrad, D.C., 319 F.Supp. 1240, I have held that since the decision in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), obscene conduct may be constitutionally prohibited only in situations in which it exposes children to the obscenity or in which it assaults the sensibilities of unwilling adults. My reasons for this conclusion are stated at length in *B. & H. Dist. Corp.*

■ It is not wholly clear that Section 944.20(2) undertakes to deal with the area of freedom of expression. However, dancing may obviously be a form of expression and it is alleged in the complaint in this action that the conduct complained of in the state court criminal prosecution occurred in the course of the plaintiff Chicase's employment as a dancer. Assuming that Section 944.20(2) affects expression, then plaintiffs have standing to challenge its breadth although their own conduct may have been subject to constitutional prohibition by means of a statute drawn with the required specificity and narrowness.

■ Section 944.20(2) makes the exposure criminal only if it is done "publicly." One of the "special circumstances," Propper v. Clark, 337 U.S. 472, 492, 69 S.Ct. 1333, 93 L.Ed. 1480, in which a federal district court can escape a plaintiff's choice of a federal forum for the hearing and decision of his federal constitutional claim is the circumstance in which a state statute is readily susceptible to a construction by the state courts which will avoid the constitutional question. Zwickler v. Koota, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). I consider that the word "publicly" is readily susceptible to the construction I have suggested today in *B. & H. Dist. Corp.*, namely, that it limits the application of Section 944.20(2) to those situations in which the conduct exposes children to obscenity or in which the conduct assaults the sensibilities of unwilling adults. Because the Supreme Court of Wisconsin so clearly accepted in McCauley v. Tropic of Cancer, *supra*, the obscenity definition approved by the Supreme Court of the United States in *Roth*, there is reason to anticipate that the state courts will construe the term "publicly" in Section 944.20(2) to embody the requirements of *Stanley*, as I have viewed them today in *B. & H. Dist. Corp.*

For the reasons I have stated, and upon the basis of the entire record herein, the defendants' motion to dismiss is hereby granted.

2. McCauley v. Tropic of Cancer, 20 Wis.2d 134, 139, 121 N.W.2d 545 (1963).