Alfonse G. **REICHENBERGER** and
Thomas G. Reichenberger,
Plaintiffs,

v.

Edwin C. **CONRAD**, as an individual and
in his capacity as City Attorney of the
City of Madison, and as a member of
a class known as the City Attorneys of
Madison; and Wilbur H. Emery, as an
individual and in his capacity as Chief
of Police of the City of Madison, and
as a member of the class known as po-
lice officers of the City of Madison, De-
fendants.

No. 70–C–65.

United States District Court,
W. D. Wisconsin.

Nov. 24, 1970.

See also D.C. 319 F.Supp. 1237.

David Loeffler, Milwaukee, Wis., for
plaintiffs.

Larry W. O'Brien, Asst. City Atty.,
Madison, Wis., for defendants.

JAMES E. DOYLE, District Judge.

### OPINION AND ORDER

Plaintiffs challenge the constitutionality of subsection 2(b) of Section 26.-04(2) (b) of the General Ordinances of the City of Madison, which is an anti-obscenity ordinance.[1] Plaintiffs allege in their complaint, and defendants admit, that plaintiffs were the owners and managers of a cocktail bar which provided entertainment. Plaintiffs alleged in their complaint that they had been threatened by defendants with arrest and prosecution because of the nature of the dances performed in their place of business, which were accompanied by recorded music and a montage of slides. Defendants deny this allegation and "allege that any statements made by Defendants were in good faith effort to apprise the Plaintiffs and all others similarly situated of the City's position in the matter and to assist in the dissemination of the requirements of the new ordinance." Such ambiguity as may have arisen from defendants' answer on this point has been resolved by the representation by defendant City Attorney in open court, by his assistant, that if the dancing at plaintiffs' place of business continued to be performed in the manner in which it had been performed in the past, the plaintiffs would be prosecuted under the ordinance. There is a genuine case or controversy.[2]

The complaint states a cause of action under 42 U.S.C. § 1983. Jurisdiction is present under 28 U.S.C. § 1343(3).

The essential facts are not in dispute. The plaintiffs have moved for summary judgment, on the basis of the pleadings (which include an answer verified by the defendant City Attorney) and the record on a motion for a preliminary injunction (which record contains no testimony or documentary evidence), in accordance with the prayer of their complaint: That is, a declaratory judgment that Section 26.04(2) (b) is unconstitutional on its face, and an injunction against the enforcement of Section 26.-04(2) (b) against the plaintiffs. Defendants have moved, on the same record, for summary judgment declaring the section valid and dismissing plaintiffs' action on its merits.

---

1. 26.04 *Obscene Literature, Pictures, etc.*
   (1) Definitions
   (a) "Obscene" Material is obscene if:
   1. Its dominant theme taken as a whole appeals to a prurient interest in sex, and
   2. It is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matter, and
   3. It is utterly without redeeming social value.
   (b) "Knowingly" A person acts knowingly if he has general knowledge of, or reason to know, or a belief or ground for belief which warrants further inspection or inquiry of the character and content of any material described herein which is reasonably susceptible of examination.
   (2) It shall be unlawful for any person knowingly:
   (a) To sell, loan for a monetary consideration, deliver or provide, or offer or agree to sell, loan for a monetary consideration, deliver or provide, any obscene writing, picture record or other representation or embodiment of the obscene; or

(b) To present or direct or participate in an obscene play, dance or performance or knowingly to permit the same on any premises owned or operated by him or under his control; or
(c) To publish, exhibit, distribute, give away or otherwise make available any obscene material; or
(d) To possess any obscene material for purpose of sale or other commercial dissemination; or
(e) To sell, advertise or otherwise commercially disseminate material, whether or not obscene, by representing or suggesting that it is obscene.

2. The court is aware, extra-judicially, that the plaintiffs' place of business is not presently a cocktail bar. However, Section 26.04 is not limited to places in which beer or liquor is sold. The court is unaware of any other changes in circumstances which would affect the genuineness of the case or controversy.

It is conceded, and I find and conclude, that the definition of obscenity in Section 26.04 carefully and accurately conforms to the most recent definition of obscenity by the Supreme Court of the United States in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498 (1957) and in subsequent cases. Plaintiffs neither admit nor deny that the disputed dances are obscene by this definition. I will assume, for the purpose of this opinion and order, that they are obscene by this definition. When I refer to obscenity hereinafter, I will employ this definition.

The issue is whether Section 26.04(2) (b) is unconstitutional because it undertakes to prohibit obscene conduct in situations in which obscene conduct is protected by the First Amendment.

In an opinion and order entered today in United States v. B. & H. Dist. Corp., D.C., 319 F.Supp. 1231, and for reasons discussed at length therein, I have held that since the decision in Stanley v. Georgia, 394 U.S. 557, 89 S. Ct. 1243, 22 L.Ed.2d 542 (1969), uses of obscene materials such as films and magazines cannot be prohibited by government unless the particular use exposes children to obscenity or assaults the sensibilities of unwilling adults.

I now hold that "an obscene play, dance or performance," Section 26.-04(2) (b), cannot be prohibited by government unless the prohibition is confined to situations in which there is a conflict with one or both of these constitutionally permissible goals or interests.[3] That is, an obscene play, dance or performance cannot be prohibited unless it occurs in a situation in which children are exposed to the obscenity or in which the sensibilities of unwilling adults are assaulted.

There has been no development of the facts in this particular case, and I am unable to make a finding whether the dances performed at the plaintiffs' place of business are performed in a situation in which children are exposed to them or in which the sensibilities of unwilling adults are assaulted. However, there can be no question that an ordinance which undertakes to regulate plays, dances or performances affects the area of free expression. Plaintiffs have standing to challenge the breadth of such an ordinance even though their own conduct may not be constitutionally protected; that is, even though their own conduct might constitutionally be proscribed by an ordinance drawn with the required narrowness and precision.

Section 26.04(2) (b) is clearly overly broad. It makes it unlawful for "any person" to participate in an obscene dance at any place, at any time, and under any circumstances,[4] including one's own home. Such a prohibition violates the First Amendment as it was construed in Stanley.

The plaintiffs' motion for summary judgment is hereby granted. It is hereby declared that Section 26.04(2) (b) of the General Ordinances of the City of Madison violates the First Amendment to the Constitution of the United States, as it is embodied in the due process clause of the Fourteenth Amendment. The defendants are hereby permanently enjoined from arresting or prosecuting the plaintiffs, or either of them, under the provisions of said Section 26.04(2) (b).

3. I assume for the purpose of this opinion that, except for its obscenity, the conduct is lawful; that is, that the conduct does not violate other laws, such as those prohibiting certain sexual acts.

4. The most reasonable construction of Section 26.04(2) (b) is that the clause "on any premises owned or operated by him or under his control" applies only to the phrase "or knowingly to permit the same [that is, an obscene play, dance or performance]." However, even if they were forcibly construed to apply to presenting, directing, or participating in an obscene play, dance, or performance, the words "any premises" would clearly include a person's own home.