Regina ROSS, d/b/a Waupaca Rest Home, a proprietorship, individually and on behalf of all other Wisconsin Nursing Homes whether corporately or individually owned, similarly situated, Plaintiffs,

v.

Patrick LUCEY, Governor of the State of Wisconsin, et al., Defendants.

No. 72–C–136.

United States District Court, E. D. Wisconsin.

Aug. 10, 1972.

Thomas J. Bergen, Milwaukee, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen. by Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff brought this action on behalf of herself and a class stated to include "all other Wisconsin Nursing Homes". The complaint requests that a three-judge court be convened pursuant to 28 U.S.C. § 2281, seeks to have § 146.-30(3)(c) of the Wisconsin statutes and certain administrative rules thereunder declared unconstitutional, and asks to have future application and enforcement of those provisions enjoined.

The defendants have moved to dismiss the complaint on the grounds that this court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. In the alternative, the defendants ask that their motion to dismiss be treated as a motion for summary judgment.

Section 146.30(3)(c) of the Wisconsin statutes grants authority to the department of health and social services (hereinafter "department") to "immediately withdraw" patients who are receiving county or state support from nursing homes under certain circumstances. This can be done when the department "determines that an emergency exists which places the patient's health, safety or welfare in jeopardy" because of a failure by the nursing home to comply with the department's standards.

The challenged regulations create categories of violations of standards and prescribe actions, up to and including patient removal, which are to follow from asserted violations of each category. The standards themselves are found in chapter 32H of the state's administrative code. The statute does not contain any provisions allowing nursing home administrators to be heard or to challenge the statements of welfare directors or department inspection personnel— those statements being the basis for the department's action—either before or after patient removal.

The plaintiff alleges that the statute and the administrative rules allow deprivation, under color of state law, of rights and privileges secured by the United States Constitution. Specifically, she complains about the removal of patients and the loss to her of government funds for their care, without an opportunity to be heard in a meaningful manner. The defendants acknowledge that "the plaintiff has a qualified right to receive public money for support of public welfare patients residing in [her] nursing home."

■■ A statute which, on its face, allows a government agency to terminate such a right and does not provide an affected party with an opportunity to be heard is arguably subject to challenge under 42 U.S.C. § 1983. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970). See also Misurelli v. City of Racine, 346 F.Supp. 43 (E.D. Wis., 1972). Thus, the motion is properly before this court under 28 U.S.C. § 1343, the jurisdictional counterpart of § 1983. This is true even though the plaintiff alleged jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202 rather than § 1343. The facts alleged clearly invoke jurisdiction under § 1343, and "Federal jurisdiction may be sustained if granted by a Federal statute even though such statute is not pleaded or relied upon." Paynes v. Lee, 377 F.2d 61, 63 (5th Cir. 1967). See also Rule 8(f), Federal Rules of Civil Procedure.

■ The defendants urge that the $10,000 jurisdictional amount must be

alleged because the rights sought to be protected have a measurable monetary value. This argument has its origins in the concurring opinion of Justice Stone in Hague v. CIO, 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). That opinion fostered the view that federal courts find jurisdiction in § 1983 actions under either § 1331 or § 1343, depending on whether the claim involves violation of property or personal rights, respectively. Jurisdictional amount is generally required to be alleged under § 1331, but it is not under § 1343. Regardless of any merit the *Hague* theory may have had in the past, it was expressly rejected in Lynch v. Household Finance Corp., 405 U.S. 538, 542–552, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). *Lynch* clearly holds that § 1343(3) is the jurisdictional counterpart of § 1983 in all cases. Thus, no allegation of jurisdictional amount is necessary in this action.

The defendants have also raised questions in their brief concerning the propriety of allowing this action to proceed against the defendants named and concerning the issue of mootness.

■ Patrick Lucey, the governor of Wisconsin, is a named defendant, but the complaint does not allege any acts on his part. The plaintiff, in her brief, states that he is named simply because of his general responsibility under the state constitution to see that the state laws are enforced. This is an insufficient connection in a case based on a statute directed at persons who have allegedly acted under color of state law. See Reichenberger v. Warren, 319 F. Supp. 1237 (W.D.Wis.1970). As to Governor Lucey, therefore, the complaint must be dismissed.

The defendants also argue that the State of Wisconsin is immune from suit under the eleventh amendment to the United States Constitution. I see no need to decide this issue because the state, as such, is not in fact named as a defendant. The caption of the complaint does not set off "the State of Wisconsin" as a separate defendant but uses the phrase as part of the title of the department. Furthermore, paragraph VI of the complaint, which purports to describe the defendants, identifies them as Governor Lucey, the department, and Mr. Schmidt (the secretary of the department).

■ The defendants also contend that the department and Mr. Schmidt are immune from suit under the eleventh amendment. This contention is without merit.

"The act to be enforced is alleged to be unconstitutional. . . . The state has no power to impart to [its officers] any immunity from responsibility to the supreme authority of the United States." Ex Parte Young, 209 U.S. 123, 159–160, 28 S.Ct. 441, 454, 52 L.Ed. 714 (1908).

See also Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 228, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964); Board of Trustees of Arkansas A&M College v. Davis, 396 F.2d 730, 732–734 (8th Cir. 1968).

■ The defendants additionally urge that the plaintiff's claim is moot because the original effort to enforce the challenged statute against the plaintiff has now terminated. I do not find this argument persuasive. The plaintiff's facility is subject to inspection at all times. These inspections are recognized in the challenged statute as the basis for the action which is claimed to be unconstitutional; as long as the plaintiff operates a nursing home in the state of Wisconsin, she is subject to such action.

The defendants' concept of mootness would require the plaintiff to suffer the withdrawal of patients and loss of funds in order to insist on her alleged right to be heard; correction of reported deficiencies would moot her cause of action. Since economic realities compel the plaintiff to choose the latter alternative, the problem here is "capable of repetition, yet evading review" and, therefore, is ripe for adjudication. Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 515, 31

S.Ct. 279, 55 L.Ed. 310 (1911). See also Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969).

■ This case involves a challenge to the constitutionality of a state statute. The infirmity is claimed to lie in the statute's failure to provide a meaningful opportunity to be heard to those who will suffer the loss of important rights or privileges through its enforcement. The defendants point to the reasonableness of the action which the statute allows; regardless of any effect that such argument may have at subsequent phases of the case, it does not negate the plaintiff's claim at this stage.

I find that the plaintiff's complaint alleges a claim under § 1983 which, if proved, could entitle her to relief. I also find that this court has jurisdiction under § 1343(3).

Therefore, it is ordered that the defendants' motion to dismiss, insofar as it relates to Governor Lucey, be and hereby is granted; in all other respects it is denied.

It is also ordered that the defendants' alternative motion for summary judgment be and hereby is denied.