**UNITED STATES of America,**
**Plaintiff,**

v.

**B & H DIST. CORP. et al.**

**No. 70–CR–67.**

United States District Court,
W. D. Wisconsin.

Sept. 14, 1972.

John O. Olson, U. S. Atty., Madison, Wis., for plaintiff.

James A. Walrath, Milwaukee, Wis., for defendants.

OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Defendants have been indicted on three counts under 18 U.S.C. § 1462. The indictment charges that on three separate occasions defendants "did knowingly and unlawfully transport and cause to be transported in interstate commerce by means of a common carrier from New York, State of New York to Wausau, Marathon County in the Western District of Wisconsin, certain obscene, lewd, lascivious and filthy magazines." Defendants move to dismiss the indictment on the grounds that 18 U.S. C. § 1462 [1] is overbroad and violates the

---

1. Section 1462 provides in pertinent part: "Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—

    (a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-

picture film, paper, letter, writing, print, or other matter of indecent character . . . .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

First and Ninth Amendments to the United States Constitution.

In an earlier opinion (319 F.Supp. 1231 (W.D.Wis.1970)), I held that § 1462 was unconstitutionally overbroad for failure to distinguish between transportation which presents supposed danger to minors or danger of obtrusion upon unwilling adults and transportation which does not. An appeal was taken to the United States Supreme Court by the Government pursuant to 18 U.S.C. § 3731. The judgment of this court was vacated and the cause remanded for reconsideration in light of United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971), and United States v. Thirty-Seven (37) Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971), which were decided subsequently to my dismissal of this action.

In *Reidel,* it was held that a federal criminal statute prohibiting the knowing use of the mails for delivery of obscene matter was not unconstitutional as applied to the distribution of obscene materials to willing recipients who state that they are adults. I conclude that in the light of *Reidel,* this present action cannot be dismissed on the ground on which I had earlier dismissed it.

In the wake of the order of the Supreme Court, 403 U.S. 927, 91 S.Ct. 2248, 29 L.Ed.2d 705, vacating my earlier order of dismissal and remanding the case for further proceedings, the defendants' motion to dismiss the indictment remains pending and defendants now urge that it be granted on grounds other than those on which I granted it earlier. Specifically, I now consider whether § 1462 is unconstitutionally overbroad because it makes it a crime for an individual to carry an obscene book for his private, non-commercial use from one state to another in a common carrier.

I conclude that such a prohibition is rendered unconstitutional by the doctrine of Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), in which it was held that the First Amendment protects the right to possess obscene materials in one's home for non-commercial purposes. The government's contention is that the effect of *Reidel* and *Thirty Seven Photographs* is to limit the application of the *Stanley* doctrine to non-commercial possession in one's home. *Reidel* involved a use of the mails for clearly commercial purposes. *Thirty-Seven Photographs* involved the importation of allegedly obscene materials for commercial purposes.[2] Neither case can be taken as a holding on non-commercial possession or transportation. I can perceive no rational basis to distinguish between non-commercial possession of an obscene book in one's home and non-commercial possession of an obscene book while traveling interstate in a plane, bus, or train. I cannot agree that the strong affirmation of First Amendment freedom of mind and thought in *Stanley,* expressly reaffirmed in *Reidel,* 402 U.S. at 356, 91 S.Ct. 1410, should now be undercut by such a strained distinction, reflecting so mean and anemic a conception of the First Amendment.

The question arises, however, whether these defendants may challenge the validity of § 1462 because it prohibits non-commercial possession of an obscene book by one traveling interstate in a plane, bus or train. The indictment is uninformative about the circumstances in the present case, alleging only that the defendants transported and caused to be transported in interstate commerce by common carrier certain obscene films, magazines and books. However, two of the five defendants are alleged to be corporations and the number of items in each of the three counts is large; the inference is permissible that the transportation was not for the personal and

2.  Nevertheless, eight members of the Court considered whether importation for private non-commercial use could be punished consistently with *Stanley.* Four answered affirmatively, four negatively.

private use of the alleged transporters.[3] I am prepared to assume, for the purposes of this decision, that the transportation alleged in this indictment was for a commercial purpose and that the materials were not in the direct possession of a person (other than employees of the carrier) traveling with them in a common carrier.

▮ Section 1462 unquestionably enters the general area of the First Amendment since its application necessarily involves a determination whether a book, pamphlet, picture, motion-picture film, paper, letter, writing, or print is or is not obscene, lewd, lascivious, or filthy. It is also clear that the statute is sought to be applied to these defendants in a live, genuine controversy, namely, this criminal prosecution based on the statute. It has been held repeatedly that in such a situation, a defendant is not limited to a challenge of the statute as applied to him, even though the alleged conduct attributed to him is conduct which could constitutionally be proscribed by a more narrowly drawn statute. That is, such a defendant may demonstrate its invalidity by taking "into account possible applications of the statute in other factual contexts besides that at bar." NAACP v. Button, 371 U.S. 415, 432, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). See Dombrowski v. Pfister, 380 U.S. 479, 486, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965); Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964); Thornhill v. Alabama, 310 U.S. 88, 98, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed. 2d 649 (1965); Ponti v. City of Madison, 319 F.Supp. 446, 449 (W.D.Wis. 1970); Reichenberger v. Conrad, 319 F. Supp. 1240, 1242 (W.D.Wis.1970); Reichenberger v. Warren, 319 F.Supp. 1237, 1239 (W.D.Wis.1970); Soglin v. Kauffman, 295 F.Supp. 978, 985, 993 (W.D. Wis.1968), aff'd 418 F.2d 163 (7th Cir. 1969). I have always assumed, and I assume for the purpose of this decision, that the hypothetical situation must not be farfetched, and that the application of the statutory language to the hypothetical situation must not be strained. I conclude that it is by no means farfetched to envision a situation in which an individual interstate traveler in a plane, bus or train carries an obscene book; indeed, it is probably a very frequent occurrence. I also conclude that the language of § 1462 inescapably covers such a situation; the language is not reasonably susceptible to a construction which would exclude such a situation.

I appreciate that these special rules of standing in First Amendment situations, and the doctrine of overbreadth generally, have been the object of critical comment. However, these rules were recently embraced anew by the United States Supreme Court in Gooding v. Wilson, 405 U.S. 518, 520–521, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), and one of the two dissents appears to accept the validity of the rules while contending that the majority's hypothetical situations there are too "insubstantial," "imagined," "occasional," or "isolated," 405 U.S. 528, 530–531, 92 S.Ct. 1103.

I conclude that § 1462 is unconstitutionally overbroad, that "it sweeps within its broad scope activities that are constitutionally protected free speech. . . ." Cox v. Louisiana, 379 U.S. 536, 552, 85 S.Ct. 453, 463, 13 L.Ed.2d 471 (1965).

---

3. Although no finding on the point is appropriate in connection with the motion to dismiss the indictment, I note from the affidavit underlying the search warrant that it was alleged that cartons of obscene materials had been shipped by express by defendant B & H Distributing Corp. from New York to a warehouse in Wausau, Wisconsin, en route to a consignee in Clintonville, Wisconsin.