**N.D.D. INC., Plaintiff,**

**v.**

**William G. FACHES and William R. Eads, Defendants.**

**No. 73–C–42–CR.**

United States District Court, N. D. Iowa, Cedar Rapids Division.

Dec. 18, 1973.

C. A. Frerichs, and Melvin H. Wolf, Waterloo, Iowa, for plaintiff.

Thomas Horan, Asst. County Atty., Cedar Rapids, Iowa, for defendants.

Before STEPHENSON, Circuit Judge, and McMANUS and HANSON, Chief District Judges.

## ORDER

McMANUS, Chief District Judge.

This action for injunctive and declaratory relief for the alleged deprivation of plaintiff's constitutional rights was submitted to the court for decision.

### Findings of Fact

1.   Plaintiff N.D.D. Inc. is a corporation organized and existing under the laws of the State of Iowa and doing business in Marion, Linn County, Iowa. Plaintiff operates the Marion Adult Theatre at 752 10th Street, Marion, Iowa and is the owner of the premises upon which said motion picture theatre is located.

2.   Defendant William G. Faches is the County Attorney of Linn County, Iowa and the duly authorized attorney for the State of Iowa, in and for Linn County.

3.   Defendant William R. Eads is a Judge of the 6th Judicial District of the State of Iowa which includes the Iowa District Court in and for Linn County, Iowa.

4.   On October 11, 1973, defendant William G. Faches filed in the Iowa District Court in and for Linn County a "Petition in Equity to Abate a Nuisance under Chapters 99 and 657 [1] of the 1973

---

1.   § 99.1 provides, in part:
   "Whoever shall erect, establish, continue, maintain, use, own, or lease any building, erection, or place used for the purpose of lewdness, assignation, prostitution, or gam- bling . . . is guilty of a nuisance, and the building, erection, or place, or the ground itself, in or upon which such lewdness, assignation, prostitution, or gambling . . . is conducted, permitted, or car-

Iowa Code" naming the plaintiff herein as a defendant.

5. In said action this plaintiff filed a motion to dismiss said petition on the ground that Chapter 99 was unconstitutional under the doctrine set forth in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

6. On October 30, 1973, defendant Eads filed a final judgment holding the showing of the movie "Deep Throat" and other similar movies constituted a nuisance under Chapter 99 of the Iowa Code and permanently enjoined the showing of the same.

7. Defendant Eads' ruling has been appealed by both parties to the Iowa Supreme Court.

8. The Iowa Supreme Court has refused to grant plaintiff any temporary relief under defendant Eads' Order and has failed to act on plaintiff's last request for temporary relief pending appeal.

9. Plaintiff has failed to establish that irreparable injury will result pending resolution of the case in state court.

### Conclusions of Law

█ 1. This court has jurisdiction of the parties and the subject matter pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. §§ 2201, 2202.

█ 2. Although this court has jurisdiction of the parties and subject matter, it is the court's view that it should abstain at this time from ruling on the constitutionality of Chapter 99 as it purports to regulate motion picture films pending the final state court decision on the same issue which might ren-

der a decision by this court unnecessary. *See* Hill v. City of El Paso, 437 F.2d 352 (5th Cir. 1971); Reichenberger v. Warren, 319 F.Supp. 1237 (W.D.Wis.1970).

█ 3. Plaintiff is not entitled to a preliminary injunction. Century 21 Shows, Inc. v. Iowa, 346 F.Supp. 1050 (S.D.Iowa 1972).

ried on, continued, or exists, and the furniture, fixtures, musical instruments, and movable property used in conducting or maintaining such nuisance, are also declared a nuisance and shall be enjoined and abated as hereinafter provided."

§ 657.1 provides:

"Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so

as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the same and to recover damages sustained on account thereof."

§ 657.2 provides, in part:

"The following are nuisances:

6. Houses of ill fame, kept for the purpose of prostitution and lewdness . . . "