**BAYSIDE NURSING HOME, INC., a Wisconsin Corporation, for and on behalf of itself and all nursing homes similarly situated located in the County of Milwaukee, State of Wisconsin, Plaintiffs,**

v.

**MILWAUKEE COUNTY, a Municipal Body Corporate, et al., Defendants.**

Civ. A. No. 74–C–11.

United States District Court,
E. D. Wisconsin.

Aug. 13, 1975.

Thomas J. Bergen, Milwaukee, Wis., for plaintiffs.

Gerald G. Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendants Milwaukee County, Milwaukee County Department of Public Welfare, and Arthur Silverman.

Kevin E. O'Neill, Milwaukee, Wis., for defendant Hahn.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action involving the issue of what role the Milwaukee County Department of Public Welfare ("DPW") and its agents have with respect to nursing home patients cared for by plaintiff Bayside Nursing Home, Inc., ("Bayside"). The complaint contains

several claims, among which are that DPW's manner of investigating patient care denies Bayside due process, and that DPW is barred from any investigative role with respect to patients cared for under Title XIX of the Social Security Act, 42 U.S.C. § 1396a *et seq.* The complaint seeks declaratory and injunctive relief, as well as damages.

Defendants have filed motions to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. Rule 12(b)(1), (6), Federal Rules of Civil Procedure. For the reasons hereinafter indicated, the complaint does fail to state a claim and must be dismissed. *

The complaint alleges that on September 12, 1973, defendant Allan Hahn, a social worker employed by DPW, entered Bayside's premises and observed a mentally retarded male patient being shaved with a safety razor. Hahn allegedly observed a cut on the patient's face and reported this to his supervisor. The next day Hahn and his supervisor came and examined the patient, and the supervisor allegedly could find no evidence of a cut. Bayside was allegedly denied a copy of Hahn's report to his supervisor.

Hahn is claimed to have then filed a complaint which led to a state investigation of Bayside and the subsequent removal of the patient "without the knowledge and consent of the parents of the patient, in violation of free choice of nursing home care as provided in the Social Security legislation on Medicaid. That in addition thereto, the said patient was removed, allegedly for cause, without a proper hearing, pursuant to the Fourteenth Amendment of the United States Constitution, more particularly, the due process clause contained therein."

The complaint further alleges that on September 19, 1973, Hahn entered Bayside's premises and went to the room of an emotionally disturbed female patient who, after a few minutes, became upset and started shouting and screaming. Hahn then left her room and the patient had to be calmed.

Finally, the complaint alleges that on January 3, 1974, Hahn overheard a conversation concerning a patient who had not arrived at a job and remarked, "Oh, so you have lost another patient!" Hahn allegedly then telephoned his office and within four hours his supervisor called agents of Bayside to determine whether a patient was missing.

■ Bayside's due process claim appears to arise out of the removal of the patient after a state investigation, allegedly precipitated by Hahn's complaint. The complaint does not, however, allege that Hahn or any other defendant actually decided to remove the patient. Instead, it appears that the patient was removed by the Wisconsin Department of Health and Social Services pursuant to § 146.30(3)(c), Wis.Stats. (1973). See, *Ross v. Lucey,* 349 F.Supp. 264 (E.D.Wis.1972). The court does not believe that the allegation that Hahn filed a complaint is sufficient to make Hahn or any other defendant responsible for any violation of Bayside's due process rights which might have occurred. The complaint, therefore, is insufficient to charge any of the defendants with a violation of Bayside's due process rights.

Bayside's other claim is that DPW is barred by Title XIX from any investigating of the patient care afforded under that Title. In its brief in opposition to the motions to dismiss, Bayside identifies 42 U.S.C. § 1396a(a)(9) as the source of this argument. That statute provides:

"(a) A State plan for medical assistance must

  *   *   *   *   *   *

"(9) provide—

---

* Jurisdiction is present under 28 U.S.C. § 1331 since the action allegedly arises under federal law, *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), and no defendant has controverted Bayside's presumably good faith claim for damages. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

"(A) that the State health agency, or other appropriate State medical agency (whichever is utilized by the Secretary for the purpose specified in the first sentence of section 1395aa (a) of this title), shall be responsible for establishing and maintaining health standards for private or public institutions in which recipients of medical assistance under the plan may receive care or services, and

"(B) for the establishment or designation of a State authority or authorities which shall be responsible for establishing and maintaining standards, other than those relating to health, for such institutions; * * *."

■ The substance of the complaint is that defendant Hahn and his (unidentified) supervisor occasionally ask Bayside questions concerning a patient's case after it comes to Hahn's attention that there may be a problem. It does not allege that DPW or any other defendant has usurped the function of the state agency by establishing health standards. The limited activity described in the complaint is not forbidden by 42 U.S.C. § 1396a(a)(9). The complaint, therefore, fails to state a sufficient claim that DPW or any other defendant has violated Title XIX of the Social Security Act.

■ The complaint may be read to allege that Wisconsin law does not allow DPW any role in the investigation of patient care, and to allege a defamation action against Hahn. No ruling on the sufficiency of these state law claims will be attempted since, " * * * if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L. Ed.2d 218 (1966).

It is therefore ordered that the complaint be and it hereby is dismissed.