Chele B. GRAHAM a/k/a Georgina
Spelvin et al., Plaintiffs,

v.

Harold A. BREIER, Individually and as
Chief of Police of the City of Milwau-
kee, Wisconsin, et al., Defendants.

No. 76–C–83.

United States District Court,
E. D. Wisconsin.

July 1, 1976.

Coffey, Murray & Coffey by Dennis P. Coffey, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty. by John Kitzke, Asst. City Atty., Milwaukee, Wis., E. Michael McCann, Dist. Atty. by Lee Wells & Nikola P. Kostich, Milwaukee, Wis., for defendants.

Before BAUER, Circuit Judge, and WARREN and GORDON, District Judges.

### DECISION and ORDER

PER CURIAM.

The plaintiffs include nude and semi-nude dancers, the corporate owner of a Milwaukee theatre at which the dancers perform, and the manager of that theatre. They seek declaratory and injunctive relief from the enforcement by the defendants, the chief of police of the city of Milwaukee, the district attorney of the county of Milwaukee, and the city attorney of the city of Milwaukee, of section 944.20(2), Wis.Stats., and sections 106–7 and 106–10 of the Milwaukee code of ordinances. The plaintiffs' ex parte motion for a temporary restraining order was granted on February 9, 1976, and was continued following a hearing on February 12, 1976, before a single district judge in which counsel for all parties participated. A three-judge panel was designated pursuant to 28 U.S.C. § 2284.

The plaintiffs' motion for a preliminary injunction and the defendants' motions to dismiss the action have been fully briefed. Also pending are a motion of the plaintiffs to strike the defendant district attorney's motion to dismiss as not timely served and filed, a motion of the city defendants to extend the time to file their motion to dismiss and to rely upon the defendant district attorney's brief, and the plaintiffs' "supplementary motion for preliminary injunction." The plaintiffs' motion to strike will be denied, the city defendants' motion for an extension of time will be granted, the plaintiffs' "supplementary motion" will be denied, the defendants' motions to dismiss will be denied, and the court will abstain from exercising its jurisdiction over the plaintiffs' motion for a preliminary injunction.

### I. MOTION TO STRIKE THE DISTRICT ATTORNEY'S MOTION TO DISMISS

The defendant district attorney appealed the February 12, 1976, order continuing the temporary restraining order in this action and requested that proceedings in the district court be held in abeyance pending this appeal. This request was denied by the district court in a March 8, 1976, letter which stated that "defendants' counsel will be expected to file their motions to dismiss, with supporting briefs, in this court by

March 26, 1976." The motion to dismiss to which the plaintiff's motion is directed was filed, with a supporting brief, on March 30, 1976.

▇ Motions to strike are not favored. *Warner & Swasey Co. v. Held,* 256 F.Supp. 303, 312 (E.D.Wis.1966). The short delay in filing the defendant's motion to dismiss does not warrant the sanction requested by the plaintiff. Accordingly, the plaintiff's motion to strike will be denied.

## II. MOTION FOR AN EXTENSION OF TIME

▇ The city defendants misplaced the court's letter of March 8, 1976, informing them of the March 26, 1976, deadline for filing their motion to dismiss. Upon receipt of the plaintiffs' motion to strike discussed above, the city defendants requested an extension of time to file a motion to dismiss and leave to rely upon the brief filed by the defendant district attorney. The city defendants' request does not involve any additional delay in resolving the motions for a preliminary injunction and to dismiss, and the delay in filing their motion to dismiss appears to be the result of excusable neglect, so the motion for an extension of time will be granted.

## III. SUPPLEMENTARY MOTION FOR A PRELIMINARY INJUNCTION

▇ After the defendants failed to file motions to dismiss by the March 26, 1976, date set by the court, the plaintiff filed a "supplementary motion for preliminary injunction." The supplementary ground upon which the plaintiff bases its request for a preliminary injunction, the failure of the defendants to meet the motion deadline, is unsupported by a brief or any other authority. This ground is unrelated to the requirements for obtaining preliminary injunctive relief discussed below, and the supplementary motion will therefore be denied.

## IV. MOTION FOR A PRELIMINARY INJUNCTION

The United States Supreme Court stated in *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975):

"The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance he will suffer irreparable injury and also that he is likely to prevail on the merits. It is recognized, however, that a District Court must weigh carefully the interests on both sides."

In *Miller v. California,* 413 U.S. 15, 23–24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973), the Court set forth the following standards for statutes regulating obscenity:

"State statutes designed to regulate obscene materials must be carefully limited. See *Interstate Circuit, Inc. v. Dallas, supra,* 390 U.S. [676] at 682–685 [88 S.Ct. 1298, at 1302–1305, 20 L.Ed.2d 225]. As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value."

The plaintiffs challenge the state statute and the city ordinances on their face and as applied to the nude performances of the plaintiffs as unconstitutionally vague and overbroad, in violation of their first and fourteenth amendment rights. In *Aikens v. Jenkins,* 534 F.2d 751, at p. 753 (7th Cir., 1976), the court stated:

"The standard for a determination of facial invalidity was recently stated in *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 216, 95 S.Ct. 2268, 2276, 45 L.Ed.2d 125, 135 (1975). A statute 'should not be deemed facially invalid unless [1] it is not readily subject to a narrowing construction by the state courts, . . . and [2] its deterrent effect on legitimate expression is both real and substantial.'"

Accordingly, the statute and ordinances challenged in this action will be examined to determine whether abstention to enable the state courts to construe the legislation is appropriate.

"Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication." *Harman v. Forssenius,* 380 U.S. 528, 534, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50 (1965).

Section 944.20(2), Wis.Stats., which has not as yet been construed by the Wisconsin supreme court, provides:

"Whoever does any of the following may be fined not more than $500 or imprisoned not more than one year in county jail or both:

.    .    .    .    .

(2) Publicly and indecently exposes a sex organ."

In *Reichenberger v. Warren,* 319 F.Supp. 1237, 1238–39, (W.D.Wis.1970), the court noted:

"The Wisconsin Supreme Court has made it very clear that in construing the term 'obscene' as it appears in Wisconsin statutes, the Court will import the definition of obscenity approved by the Supreme Court of the United States in *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and in its subsequent decisions. It is reasonable to conclude that the Supreme Court of Wisconsin will respond in the same manner with respect to the term 'indecently.' "

■ Since the state courts may adopt a construction of section 944.20(2) which will validate the statute's use of the term "indecently", abstention is appropriate with respect to the claim involving the facial validity of that statute. Since such a construction might moot the challenge to the statute as applied to the activities of the plain-tiffs, abstention is appropriate with respect to that claim as well.

■ Section 106–10 of the Milwaukee code of ordinances provides:

"No person shall give or exhibit in any play house, theater, hall or other place within the city of Milwaukee any obscene, immoral, indecent or lewd motion picture, film, act, play or performance of any kind under a penalty of not less than fifty ($50) nor more than two hundred dollars ($200) for each offense."

Abstention is appropriate with respect to the claims involving section 106–10 for the reason that "obscene, immoral, indecent or lewd" in that ordinance is reasonably subject to the same narrowing construction which is reasonable for "indecently" in section 944.20(2), Wis.Stats.

Section 106–7 of the Milwaukee code of ordinances provides in pertinent part:

"(1) Definitions. As used in this section:

"   .    .

"(f) 'Pornographic.' Any material or performance is 'pornographic' if all of the following coalesce:

"1. The material or performance depicts nudity or depicts or describes in a patently offensive way a person or persons in a state of sexual excitement or engaged in an actual or simulated act of sexual conduct or sado-masochistic abuse.

"2. Considered as a whole, its predominant appeal is to prurient intest [sic] in sexual matters.

"3. The material or performance taken as a whole lacks serious literary, artistic, political or scientific value.

"   .    .

"(3) It shall be unlawful for any person to give, advertise, produce, exhibit or perform in any pornographic performance in any playhouse, theatre, hall or other place within the City of Milwaukee."

Other portions of section 106–7 provide penalties for violations and define "nudity," "sado-masochistic abuse," "sexual conduct," and "sexual excitement." Nudity is defined as certain uncovered or less than

opaquely covered areas of the human body, without reference to any sexual conduct.

■ The ordinance generally follows the strictures of *Miller* set forth above, but appears to depart from those standards by prohibiting nudity alone, not just sexual conduct portrayed in a patently offensive way, when such nudity appeals predominantly to prurient interest in sexual matters and lacks serious literary, artistic, political or scientific value. This departure may be more apparent than real, however, in that the separate requirement of the ordinance that the performance appeal predominantly to prurient interest in sexual matters is reasonably subject to a construction by the state courts that only nudity involving offensive sexual conduct is prohibited. We find that abstention is appropriate with respect to the challenges to section 106–7.

■ Accordingly, this court will abstain from exercising its jurisdiction over the plaintiffs' claim for injunctive relief, and the temporary restraining order previously entered will be vacated. The Supreme Court has expressed a clear preference for retention of jurisdiction rather than dismissal in abstention cases similar to that at bar. *Zwickler v. Koota,* 389 U.S. 241, 244 n.4, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). See also *Baird v. Lynch,* 390 F.Supp. 740, 746 (W.D.Wis.1974) (three-judge court). Abstention to enable the state courts to construe the legislation is not applicable, however, to the plaintiffs' application for declaratory relief. *Zwickler, supra,* at page 254, 88 S.Ct. 341.

## V. MOTIONS TO DISMISS

■ The defendants have moved to dismiss the action for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter. Their briefs on the motions to dismiss support only the latter of these grounds for dismissal. It is apparent from the above discussion of the legislation challenged by the plaintiffs that the complaint may state a claim upon which injunctive relief can be granted, in the event that the legislation is not narrowly construed by the state courts.

Since the statute and ordinances appear to be facially broader than the obscenity standards outlined in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), as indicated above, dismissal of the claims for declaratory relief at this stage of the proceeding would also be inappropriate. Accordingly, the motions to dismiss for failure to state a claim upon which relief can be granted will be denied.

■ The second ground for the dismissal motions is the defendants' contention that the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), precludes federal jurisdiction over this action. This contention was raised and rejected at the February 12, 1976, hearing at which the temporary restraining order previously entered in this action was continued, and it will be rejected here. *Younger* set forth the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41, 91 S.Ct. at 749. When this action was commenced by the filing of a complaint on the morning of February 9, 1976, no state court proceedings against the plaintiffs had been instituted. However, shortly after the temporary restraining order was entered by the district judge, a criminal complaint against the plaintiffs was filed in state court. The defendants argue that *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), requires the dismissal of this action. In *Hicks,* the Supreme Court stated:

"We now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." 422 U.S. at page 349, 95 S.Ct. at 2292.

The plaintiffs contend that the granting of temporary injunctive relief by the district court constitutes "proceedings of substance on the merits" sufficient to take the instant action out of the *Younger* rule. We agree.

78

"A hearing to determine the right to temporary relief is not a determination of the merits of a claim, but a party must present at least a prima facie case in order to be eligible for a temporary restraining order. *Chappell & Co. v. Frankel,* 2 Cir., en banc, 1966, 367 F.2d 197, 202; *Congress of Racial Equality v. Douglas,* 5 Cir., 1963, 318 F.2d 95, 97." *Major v. Sowers,* 297 F.Supp. 664, 665–66 (E.D.La.1969).

While not a *final determination of the merits,* a determination to grant a temporary restraining order, we believe, is a proceeding of substance *on the merits.* Accordingly, the motions to dismiss for lack of jurisdiction will be denied.

## VI. CONCLUSION

Therefore, IT IS ORDERED that the motion of the plaintiffs to strike the defendant district attorney's motion to dismiss the action be and hereby is denied.

IT IS ALSO ORDERED that the motion of the city defendants for an extension of time to file a motion to dismiss and for leave to rely upon the brief filed by the defendant district attorney be and hereby is granted.

IT IS FURTHER ORDERED that the supplementary motion of the plaintiffs for a preliminary injunction be and hereby is denied.

IT IS FURTHER ORDERED that this court hereby abstains from exercising its jurisdiction over the motion of the plaintiffs for a preliminary injunction.

IT IS FURTHER ORDERED that the temporary restraining order entered in this action on February 9, 1976, and extended on February 12, 1976, be and hereby is vacated.

IT IS FURTHER ORDERED that the motions of the defendants to dismiss the action be and hereby are denied.