**William B. CALDWELL, Plaintiff,**

v.

**Eugene CAMP, Chief of Police, St. Louis Metropolitan Police Dept., Donald H. Whaley, Clarence T. Hunter, Suzanne Hart, John A. Schicker, Jr., James A. Roach, Jr., the Hon. James Conway, comprising the Board of Police Commissioners of the City of St. Louis, George Peach, Circuit Attorney of the City of St. Louis, and John D. Ashcroft, Attorney General of the State of Missouri, and the City of St. Louis, Defendants.**

No. 78–0462 C (1).

United States District Court, E. D. Missouri, E. D.

July 25, 1978.

Murry A. Marks, Clayton, Mo., for plaintiff.

Terrence J. O'Toole, First Asst. Circuit Atty., St. Louis, Mo., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., Thomas J. Ray, Asst. City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motions to dismiss and the motions for summary judgment by various defendants. For the reasons stated below, the motions will be sustained.

This is a suit for injunctive and declaratory relief as well as damages under 42 U.S.C. § 1983. Plaintiff alleges that after he was arrested by St. Louis Police on April 21, 1978, his automobile was confiscated and is thought to be presently held by police pursuant to Section 195.145, R.S.Mo., (1969). The gravamen of plaintiff's complaint is that this statute (§ 195.145) and its enforcement by the defendants violates his Fourth, Fifth and Fourteenth Amendment rights under the U.S. Constitution in violation of 42 U.S.C. § 1983.

Plaintiff seeks equitable relief against all defendants and damages against the City of St. Louis.

Defendant Ashcroft is sued in his official capacity. However, plaintiff has not alleged any illegal acts on his part but has only named him as a defendant. The fact that Ashcroft is "charged with the responsibility of enforcing all laws of the State of Missouri" is an insufficient allegation. *Ross v. Lucey*, 349 F.Supp. 264 (E.D. Wis.1972). Liability cannot attach merely on that ground. Therefore, the motion to dismiss will be granted.

Defendant Peach has moved to dismiss on two grounds. First, he contends that *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), holds that a federal court should not enjoin a state's good faith attempt to enforce a state statute absent a showing that the moving party has no adequate remedy at law and will suffer immediate and irreparable injury. Id. at page 44, 91 S.Ct. 746. This is the proper construction of the law. Therefore, plaintiff's claim for equitable relief will be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6), F.R.C.P. Plaintiff must first attempt to litigate his alleged constitutional claims in the state courts. *Younger v. Harris*, supra. Since there has been no showing of an inadequate remedy at law within the meaning of *Younger v. Harris*, the motion will be sustained.

Finally, defendants Camp, Whaley, Hunter, Hart, Schicker, Roach, Conway and the City of St. Louis have moved for summary judgment. The individuals contend that to find liability against officials in a supervisory position, the plaintiff must first allege and establish that the defendants committed the violation, directed that it be committed, or acquiesce in the act with knowledge of the act. *Jennings v. Davis*, 476 F.2d 1271, 1274–1275 (8th Cir. 1973). The Court agrees.

The plaintiff can state no cause of action against the police chief and members of the police board under § 1983 on a "respondeat superior doctrine", nor any other theory when none of them were alleged to have been present or have directly caused the alleged wrongdoing. *Jennings v. Davis*, supra. In addition, the plaintiff cannot recover damages from the City of St. Louis because it is well-settled that a municipality is not a "person" within the meaning of § 1983. *Monroe v. Pape*, 365 U.S. 167, 187–191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *Moor v. County of Alameda*, 411 U.S. 693, 699–700, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Since there is no issue of material fact remaining, the motions for summary judgment will be sustained and the complaint dismissed.