MIKE GARRO, Plaintiff, *v.* REPUBLIC SHEET METAL WORKS, INC., Defendant. GUY YACOBELLI, as Marshal of the City Court of the City of Utica, Appellant; MIKE GARRO, Respondent.

Fourth Department, October 1, 1954.

*Irving S. Rokeach* for appellant.

*Ronald H. Grossman* and *Howard J. Blaugrund* for respondent.

KIMBALL, J. In the action of Mike Garro against Republic Sheet Metal Works, Inc., the plaintiff obtained a money judgment against the defendant in Supreme Court, Oneida County, and on August 14, 1953, an execution against the property of said defendant was duly issued and delivered to the Sheriff of said county. It appears that the Sheriff at no time ever made a levy under said execution and that on September 22, 1953, he returned the execution unsatisfied. On August 20, 1953, one Gilbert and one Knight, doing business as Gilbert & Knight Co., obtained a money judgment against said Republic Sheet Metal Works, Inc., in the City Court of Utica. On the same day an execution in the Gilbert & Knight Co. action was issued to the Utica city marshal, who thereupon made a levy upon a motor vehicle. It was later determined that said vehicle was covered by a chattel mortgage. On August 25, 1953, the city marshal made a levy upon office equipment of the defendant. Thereafter, there were proceedings in reference to alleged prior liens upon said office equipment and Gilbert & Knight Co. in those proceedings sustained their lien by virtue of the levy. In such proceedings, Mike Garro, the judgment creditor in Supreme Court, was not a party and made no claim. Finally, and on January 2, 1954, a sale of said equipment was made by the city marshal and the proceeds of such sale came into the hands of the marshal. On January 5, 1954, Garro obtained a show cause order in Supreme Court directed to the city marshal requiring him to show cause why the proceeds of the sale by the marshal should not be applied to the " judgment " of Garro. Thereafter, Special Term in Oneida County made an order directing Guy Yacobelli, the city marshal, to pay the proceeds to the attorney for Garro. From this order the marshal appeals. The City Court of Utica is a court of record.

It was the opinion of the learned Justice at Special Term that the rights of the two judgment creditors as between themselves were governed by the provisions of section 680 of the Civil Practice Act; that the Supreme Court execution had not become " dormant " and that the return of the Supreme Court execution unsatisfied by the Sheriff did not affect the lien of such execution said to have been acquired by the marshal's levy in the City Court action. The Special Term's conclusion was, therefore, that the levy under the City Court execution inured to the benefit of the Supreme Court execution for the reason that it was prior in time and became a continuing lien upon the personal property of the judgment debtor when it was delivered to the Sheriff. We come to a different conclusion.

Assuming that section 680 of the Civil Practice Act does control the rights of the respective judgment creditors and conceding that Garro had a first lien upon the personal property when the Sheriff received the execution on August 14, 1953, which, if section 680 is applicable, would have entitled him to the proceeds of a sale under the subsequent City Court execution and levy, yet we are of the opinion that whatever lien Garro had stemmed from his execution in the hands of the Sheriff. After September 22, 1953, when the Sheriff returned that execution unsatisfied, the lien was lost. After that date, there being no execution in the hands of the Sheriff, the Sheriff, and through him Garro, had no means of carrying into effect any lien which might have attached to the personal property in the first instance. The Sheriff had made no levy. Garro acquired his lien pursuant to section 679 of the Civil Practice Act and not by reason of the execution and levy by the city marshal.

A lien by virtue of said section 679 expires upon its being returned by the Sheriff unsatisfied. (*Rich* v. *New York White Line Tours,* 266 App. Div. 752; *Hathaway* v. *Howell,* 54 N. Y. 97; *Walker* v. *Henry,* 85 N. Y. 130; 5 Carmody on New York Practice, § 1612, p. 3759.)

At the time of the sale there could be no question of preference between the execution out of Supreme Court and that out of the City Court for the reason that there was then only one execution in force and effect and that was the one in the hands of the city marshal. Whether the Sheriff had or had not instructions to return the execution unsatisfied prior to the expiration of the sixty-day period is not here relevant.

If we are correct in the conclusion reached, it may be unnecessary to determine whether section 680 of the Civil Practice Act governs the rights of these two judgment creditors as between themselves. However, our views thereon may not be amiss. Said section is a part of article 42. Section 636 is likewise part of said article. Those sections must be read together. It is urged by the respondent that the words " to an officer to be executed " in section 680, refer to and are intended to include a city marshal or constable or any officer who has, by law, authority to make levy and sale upon execution issued out of any court of record. We doubt if that is so. Section 636 of article 42 is entitled " Officer or person to whom execution directed " and provides that an execution " must be directed to the sheriff " except in certain cases where it may be directed to the coroner or a person designated by the court and given the authority of a coroner. We think the " officer " mentioned

in section 680 clearly refers to the sheriff or the coroner or the person acting as an officer as provided in section 636.

Although the City Court of Utica is a court of record, judgments in that court may not be enforced by the Sheriff but executions must be directed to the marshal of that court unless, of course, the judgment has been made a judgment of the County Court by the filing of a transcript. If, therefore, as we think, the provisions of section 680 of the Civil Practice Act are applicable only to executions issued to sheriffs or coroners under section 636, it seems that the plaintiff Garro obtained no preference by a mere delivery of an execution to the Sheriff.

It may be questioned whether the Supreme Court at Special Term may, peremptorily, on a show cause order, direct an officer of the City Court of Utica to thus turn over proceeds of a sale in his hands to a person other than the judgment creditor in the City Court or his attorney. The marshal was not an officer of and thus subject, peremptorily, to orders of the Supreme Court. His duties, enjoined by law, are those set forth in the statutes relating to the City Court of Utica.

The order should be reversed, and the proceeding dismissed.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Order reversed on the law, with $10 costs and disbursements and proceeding dismissed, with $10 costs.