Ormand N. Gale, J.
The plaintiffs above named entered a judgment against the above-named defendant in the City Court of the City of Syracuse on the 9th day of April, 1963, and on the same day filed a transcript in the Onondaga County Clerk’s office, and also on the same day and at 3:05 p.m., delivered a property execution under and pursuant to the said judgments, to the Sheriff of Onondaga County. A judgment on behalf of Brooklyn Doll, Inc., against the same defendant was entered in the City Court of the City of Syracuse on the 10th day of April, 1963, and a property execution was issued to the Marshal of the City of Syracuse. The Sheriff was unable to make a physical levy and post notice of sale from within the premises. The City Marshal, however, did succeed in obtaining admittance and actually sold the assets under the said judgment of Brooklyn Doll, Inc. The plaintiffs now move for an order directing Brooklyn Doll, Inc., or its counsel to turn over and pay to plaintiffs the avails of the sale, received by it from the Marshal of the City of Syracuse. The plaintiffs rely upon section 680 of the Civil Practice Act which reads as follows: ‘ ‘ Where two or more executions against the property are issued out of the same or different courts against the same judgment debtor, the one first delivered to an officer to be executed has preference, notwithstanding that a levy is first made by virtue of an execution subsequently delivered; but if a levy upon and sale of personal property has been made by virtue of the junior execution, before an actual levy by virtue of the senior execution, the same property shall not be levied upon or sold by virtue of the la,tier. ’ ’
The defendant in opposition to the motion relies upon the case of Garro v. Republic Sheet Metal Works (284 App. Div. 660). Approximately the same set of facts was present in the Garro case as is present in the case before this court. The difference being that in the Garro ease the Sheriff returned the execution unsatisfied prior to the levy by the City Marshal. The Appellate Division, Fourth Department, held that at the time of the Marshal’s levy the Sheriff’s lien was lost by reason of the return *470 of the execution unsatisfied. The court in the Garro case (¡p. 663) continued, by way of dicta, and indicated that in its opinion the provisions of section 680 of the Civil Practice Act are applicable only to executions issued to Sheriffs or Coroners and that the section was no application to City Marshals: 11 The Marshall was not an officer of and thus subject, peremptorily, to orders of the Supreme Court.”
As was stated in Columbia Law Review (Vol. 60, pp. 471-472): “ [T]he order-of-delivery rule is clearly applicable between executions issued out of either of the two largest courts of record in each county — the Supreme Court and the county court. There is in New York, however, a third group of courts, namely, those courts of record inferior to the Supreme and county courts. The priority between creditors issuing executions out of such courts is nowhere precisely specified. Presumably, the order-of-delivery rule is applicable, because the statutory provisions of the Civil Practice Act apply to all courts of record ”.
The Supreme Court in the First Department, about three years after the decision in the Garro case had practically the same situation as this court has before it now. (Feller v. Duncan Stewart Inds., N. Y. L. J., Oct. 7, 1957, p. 6, col. 5.) The following memorandum was written by Mr. Justice Stevens: “Motion is granted. The moving papers .state and the opposing papers do not dispute the fact that in point of time the Sheriff of New York County received the Supreme Court execution on September 23, 1957. The opposing papers further sitate that the City Marshal Joffe received the City Court execution on September 24,1957. In light of section 680 of the Civil Practice Act, it is our opinion that the plaintiff has the priority and preference of executing against defendant’s property, even though a levy was actually made by the city marshal. The city marshal is therefore stayed from enforcing the City Court execution upon which he has levied against defendant’s property. The case of Garro v. Republic Sheet Metal Works, Inc., (284 App. Div. 660, 134 N. Y. S., 2d, 151), cited in the opposing papers, does not apply here. In the cited case the sheriff had returned the execution unsatisfied and it was consequently held that there was no outstanding lien. Submit order.”
This court feels that the reasoning of Mr. Justice Stevens re-emphasizes .the rule of “diligence” which has long been established as the cornerstone with regard to property executions. The actual decision in the Garro case was based on the proposition that there was no lien outstanding at the time of the Marshal’s levy. The facts of that case are distinguishable from the facts of the Feller case and from the case at bar, In the *471 latter cases both executions were in the hands of the Sheriff and were enforcible at the time the Marshal made his levy.
So where a levy is made under one of several executions against the same judgment debtor such levy inures to the benefit of the execution creditors in the order of their priority, which is determined by the order of the delivery of the executions to the enforcing officer of a court of record, whether he be a Sheriff or a City Marshal.
We hold, therefore, that priority of delivery of the execution to the officer, rather than priority in the entry of judgment or in making a levy upon the goods, determines who is entitled to first claim upon the proceeds of the sale. Accordingly, Brooklyn Doll, Inc., or its counsel is directed to pay over to the plaintiffs above named or their counsel, Eugene H. Klein, Esq., the avails of the sale, received by it from the Marshal of the City of Syracuse.