■ FOOD FAIR STORES, WESTCHESTER, INC., Respondent, v. GENERAL EXCESS INSURANCE CO., LTD., et al., Defendants, and PROGRESS INSURANCE COMPANY, LIMITED, Appellant.— In an action based on insurance cover notes in connection with liability insurance, in which substituted service of the summons and complaint had been made, pursuant to section 59-a of the Insurance Law, upon the defendant Progress Insurance Company, Limited, a British insurance company, said defendant appeals from an order of the Supreme Court, Westchester County, dated June 3, 1963, which denied its motion to set aside such service on the ground that it, as an insurer not authorized to do business in this State, had not done any of the acts enumerated in section 59-a (subd. 2, par. [a]) of the Insurance Law; such denial being without prejudice to a renewal of the motion on a showing by said defendant "that it is not engaged in any reinsurance business involving or relating to New York residents." Order reversed, with $10 costs and disbursements; motion granted; and service of the summons and complaint upon defendant Progress Insurance Company, Limited, vacated. We shall assume that in some instances, where a foreign insurer is engaged solely in the business of reinsurance and reinsures insurers which insure New York residents, constructive service of process may be resorted to by the original insured, pursuant to section 59-a of the Insurance Law (but, see, *Safeway Trails* v. *Stuyvesant Ins. Co.*, 211 F. Supp. 227, 233, affd. on other grounds 316 F. 2d 234). But here the plaintiff, a New York corporation, is suing as the assignee of a Pennsylvania corporation, and there is no contention that plaintiff's assignor was authorized to do business in New York. In our opinion, section 59-a of the Insurance Law was not intended to protect either persons who were not residents of this State or corporations which were not authorized to do business here when the insurance contracts were executed and the liabilities or losses were incurred (*Clifton Prods.* v. *American Universal Ins. Co.*, 169 F. Supp. 842; cf. *Safeway Trails* v. *Stuyvesant Ins. Co.*, supra; *Schutt* v. *Commercial Travelers Mut. Acc. Assn.*, 229 F. 2d 158). It was not intended to protect a domestic corporation which brought suit as the assignee of a foreign corporation which was not authorized to do business here (cf. *State ex rel. Equitable Life Assur. Soc. of U. S.* v. *Allen*, 345 Mo. 671). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.