Chief Judge Breitel.
In a special turnover proceeding, under CPLR 5225 (suibd. [b]), against the judgment debtor’s assignee for the benefit of creditors, the judgment creditor appeals. The property involved were proceeds of the debtor’s accounts receivable, first collected by the debtor’s lawyer, and now held by the assignee. The Appellate Division had reversed an order of Special Term allowing the turnover and dismissed the judgment creditor’s petition.
The issue is whether a judgment creditor obtains a superior interest in assets as against a subsequent assignee for the benefit of creditors, either by serving, under CPLR 5222, a restraining notice on the judgment debtor, or by issuing, under CPLR 5230, a property execution to a Sheriff.
There should be a reversal. A judgment creditor obtains greater rights to the debtor’s property, by virtue of the restraining notice, than does a later assignee for the benefit of creditors. A judgment creditor also obtains a priority by issuance to the Sheriff of a property execution upon which no return has yet been made.
The creditor, Arjan Ribbons, Inc., obtained a judgment against International Ribbon Mills on April 21, 1972. Within eight days, the creditor served a restraining notice on the judgment debtor and issued a property execution to the Sheriff of the City of New York. Three weeks after the judgment, on or about May 13, 1972, the judgment debtor executed a general assignment for the benefit of creditors to respondent Sturtz.
*124 The creditor by the turnover proceeding sought payment of its judgment out of accounts receivable collected by the'debtor’s lawyer and now held by the assignee. Special Term ordered the turnover in the amount of the judgment with interest, costs, disbursements and Sheriff’s poundage. The Appellate Division reversed and dismissed the petition on the ground that the creditor had obtained no priority interest in the debtor’s assets.
Issuance of an execution to the Sheriff creates in a judgment creditor rights in the debtor’s property superior to those of a transferee who acquired the property for less than fair consideration (see CPLR 5202, subd. [a]). True, fair consideration includes satisfaction of an antecedent debt (Debtor and Creditor Law, § 272, subd. a). The assignee, however, neither alleged nor contended, as indeed would be most unlikely, that the assignment was in satisfaction of any of the assignor’s debts.
To foe sure, in the instance of an execution creditor, it is settled law that whatever rights are obtained by issuance of the execution do not survive a return without satisfaction (Garro v. Republic Sheet Metal Works, 284 App. Div. 660, 662; Rich v. New York White Line Tours, 266 App. Div. 752; see Walker v. Henry, 85 N. Y. 130,134-135; see, also, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5202.12; Distler & Schubin, Enforcement Priorities and Liens: The New York Judgment Creditor’s Rights in Personal Property, 60 Col. L. Rev. 458, 478). On this record, however, whether the execution was returned unsatisfied before the assignment cannot be determined. The assignee alleged that the execution was returned unsatisfied before the assignment, and the judgment creditor contended that the execution was returned after the assignment. Neither assertion is supported by the record. Thus, if the execution were the only basis for the creditor’s claim of priority, it would be necessary to remit the proceeding to Special Term for resolution of the contradictory assertions. But, the problem is resolvable on an alternative ground.
Independent of issuance of the execution the creditor is entitled to a priority ¡based on its service of a restraining notice. CPLR 5222 (subd. [b]) prohibits a judgment debtor, under a restraining notice, from transferring his property until the judgment is satisfied or vacated. The creditor, as noted, had *125 served a restraining notice .on the debtor some 18 days before the assignment for the benefit of creditors.
The statute authorizes punishment for contempt if a transfer is made'in violation of a restraining notice (CPLR 5222, subd. [a]). Moreover, CPLR 5222 nowhere provides that a restraining notice renders ineffective subsequent transfers of the prop: erty, and, in this respect, CPLR does not afford judgment creditors the-same priorities enjoyed under prior law (see Civ. Prac. Act, §§ 799-a, 808; see, generally, Distler & Schubin, op. cit., at pp. 476-478, 499-506). But that is not the end of the matter.
The original draft of what eventually became CPLR 5222 provided that “ While a restraining notice is in effect, no transfer, whether by the garnishee or by the judgment debtor, of property or of a debt subject to the [restraining] notice shall be effective against the judgment creditor who served the notice, except as otherwise provided by law or order of the court ” (Advisory Committee on Prac. & Pro., 3d Preliminary Report, N. Y. Legis. Doc., 1959, No. 17, p. 252). The quoted language was deleted from later drafts and does not appear in CPLR, as enacted (see Advisory Committee on Prac. & Pro., Final Report, 1961, pp. A562-A563; CPLR 5222).
At least one treatise has concluded that the legislative history and the change from the Civil Practice Act demonstrate that a restraining notice should not create a “ lien ” in favor of the judgment creditor (see 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5222.20, op. cit.). It is not persuasive,"however, and would not .'serve sound public policy, while subjecting a debtor or garnishee to contempt for disobeying a restraining notice, to allow an assignee without consideration priority over a judgment creditor in property assigned in violation of the restraining notice.
One of the purposes of a turnover proceeding is to determine the respective rights of a judgment creditor and transferee "(CPLR 5225, subd. [b]). CPLR is not the exclusive source of a judgment creditor’s rights, as against an assignee, without consideration for the benefit of creditors (see Matter of City of New York [Nassau Expressway], 56 Misc 2d 602, 605 [Conroy, J.]; see, also, Siegel 1968 Supplementary Practice Commentary to CPLR 5222;.7B McKinney’s Cons. Laws of N. Y., Book 7B,
*126 Cumulative Annual Pocket Part, at p. 98). It is elementary ancient law that an assignee never stands in any better position than his assignor. He is subject to all the equities and burdens which attach to the property assigned because he receives no more and can do no more than his assignor (see, e.g., Matter of Nunez, 226 N. Y. 246, 251; see, also, Restatement, Contracts, 2d [T. D., 1973], § 168; 3 Williston, Contracts [3d ed.], § 432). The principle applies with equal or greater force to an assignee for thb benefit of creditors who asserts rights to property against a judgment creditor which, prior to the assignment, had served a restraining notice on his assignor (cf. Restatement, Contracts, 2d [T. D., 1973], § 173, op. cit.).
The diligent creditor acted promptly by recourse to the methods available with respect to the facts known to it to effect payment of its judgment. Moreover, the belated assignment was made without consideration and there is no appealing equity in the assignee’s favor.- For all the reasons discussed, the judgment creditor’s rights in the debtor’s property are superior to those of the assignee for the ‘benefit of creditors.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment, of Special Term reinstated.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.