ALLSTATE INSURANCE
COMPANY, Plaintiff,

v.

ADMINISTRATIA ASIGURARILOR
DE STAT, et al., Defendants.

No. 86 Civ. 2365 (DNE).

United States District Court,
S.D. New York.

Aug. 24, 1995.

Michael Luskin, Gelberg & Adams, New York City, for Allstate Insurance Company.

Thacher Proffitt & Wood, New York City, for Mutuelle Centrale Marocaine D'Assurance.

Radu Herescu, New York City, Roy E. Pomerantz, Kroll & Tract, Newark, NJ, for Administratia Asigurarilor de Stat.

Larry W. Thomas, Cameron & Hornbostel, New York City, for Banco de Seguros del Estado, Caja Nacional de Ahorro Y, Instituto Nacional de Reaseguros.

Bernard Hubscher, Bernard Hubscher, New York City, for Allami Biztosito, Ceska Statni Pojistovna, Pozavarovalna Skupnost Sava.

Clifford H. Schoenberg, Rosenman & Colin, New York City, for Groupe Kleber.

Thomas S. Howard, Kirsch, Gartenberg & Howard, Hackensack, NJ, for Societe Centrale de Reassurance.

Roy E. Pomerantz, Kroll, Tract, Harnett, Pomerantz, New York City, for Administratia Asigurarilor de Stat.

Martin E. Karlinsky, Scheffler Karlinsky & Stein, New York City, for Raymond Karlinsky, Maurice Newman.

*OPINION AND ORDER*

EDELSTEIN, District Judge:

After failing to file a timely answer to plaintiff's amended complaint, Defendant Korean Reinsurance Corporation ("Korean Re" or "defendant")[1] now moves, pursuant to

---

1. There are thirty three defendants in the instant action. Defendants are Aseguradora Mundail, S.A.; Aseguradora Mundial de Panama, S.A.; Banco de Seguros del Estado; Allami Biztosito; Caisse Nationale de Reassurance; Caja Nacional de Ahorro y Seguro; Ceska Statni Pojistovna; Pozavarovalna Skupnost Sava; Compania Mercantil de Seguros y Reaseguros, S.A.; Universal Guarantee Insurance Co. of Auckland; Eastern General Reinsurance Corp.; Eastern Marine and Fire Insurance Co. Ltd.; First Fire and Marine Insurance Co. Ltd.; Societe D'Assurance Syrienne; Groupe Kleber; Grupo Universal de Reaseguros; Halvanon Insurance Co. Ltd.; Admin-

istratia Asigurarilor de Stat; Instituto Nacional de Reaseguros; International Fire and Marine Ins. Co. Ltd.; Societe Centrale de Reassurance; Korean Reinsurance Corp.; Reaseguradora Albatros; Kuwait Insurouse; Seguros la Territorial, S.A.; Milli Reassurans, R.C.D.; Milli Reassurans, T.A.S.; Mutuelle Centrale Marocaine D'Assurance; P.T. Asuransi Antar Malayan Bali; P.T. Asuransi Kredit Indonesia; P.T. Reasuransi Umum Indonesia; Pan Korea Insurance Co.; and Phillipine Reinsurance Corp. Administratia Asigurarilor de Stat is a third-party plaintiff. Third-party defendants are Promotora de Occi-

Federal Rule of Civil Procedure ("Rule") 6(b)(2) for an extension of time to answer plaintiff's amended complaint.

## BACKGROUND

In a January 19, 1995, Opinion and Order, this Court granted plaintiff's motion for leave to amend its complaint. *See Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 875 F.Supp. 1022 (S.D.N.Y.1995). Plaintiff filed an amended complaint on May 3, 1995, and served a copy of the amended complaint on Korean Re on May 4, 1995.

Korean Re's attorney, Frances Buckley ("defense counsel"), represents that "[o]n May 25 Allstate agree to extend Korean Re's time to answer through June 9, 1995 and subsequently through June 14, 1995." (Affidavit of Frances Buckley in Support of Motion for an Extension of Time ¶ 4.) On June 12, 1995, this Court received a stipulation, signed by plaintiff's and Korean Re's respective attorneys, to be "So Ordered" by this Court. This stipulation stated that "the time for defendants Korean Reinsurance Company, to answer or otherwise respond to the Complaint served in this action is extended to, and including, the 14th day of June, 1995." On June 13, this Court rejected the stipulation because Korean Re had violated Rule 12(a)(1)(A), and thus Korean Re's "time to answer or otherwise respond to plaintiff's complaint expired prior to the time when the parties submitted this stipulation to the Court." *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 86 Civ. 2365, June 13, 1995, Memorandum Endorsement. This Court also rejected the stipulation "for failure to comply with Local Civil Rule 1(a)(3)." *Id.*

On June 16, 1995, Korean Re filed an order to show cause, seeking an extension of time in which to answer plaintiff's amended complaint. This Court rejected this order to show cause for failure to comply with the Local Rules for the Southern District of New York and with this Court's Individual Rules. Korean Re violated Local Civil Rule 3(d)

because the order to show cause did not cite the rule on which the motion was predicated. *See Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 86 Civ. 2365, June 19, 1995, Memorandum Endorsement. Korean Re violated Local Civil Rule 3(c)(4) by failing to explain the need for bringing the motion by order to show cause. *See id.* Because Korean Re twice violated Local Civil Rule 3, Korean Re also violated this Court's Individual Rule 4(a), which warns litigants that "[m]otions must comply strictly with the Fed. R.Civ.P. and the Local Rules, particularly Local [Civil] Rule 3." Korean Re also violated this Court's Individual Rule 5, which establishes several requirements for litigants who seek to bring a motion by order to show cause in this Court. Korean Re's papers did not meet these requirements. This Court concluded its memorandum endorsement by stating:

> In view of the fact that defendant needs to bring the instant motion to cure an error caused by defense counsel's failure to understand the Federal Rules of Civil Procedure, and in view of the fact that the instant order to show cause violates both the Local Rules for the Southern District of New York and this Court's Individual Rules, defense counsel is strongly advised to review the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, and this Court's Individual Rules.

*Id.*

Thereafter, Korean Re brought the instant motion, which is a Rule 6(b)(2) motion for an extension of time to answer plaintiff's amended complaint. The papers in support of this motion, like the papers in support of the stipulation and the order to show cause, were prepared by defense counsel Francis Buckley. In her affidavit in support of the instant motion, defense counsel asserts that "through inadvertence and mistaken understanding of the Court's rules, this deponent did not present the stipulation to the Court until after the original time to respond to the

dente, S.A.; Promotora de Occidente (New York) Ltd.; C.J.V. Associates, Inc. of New York; Raymond Karlinsky; Samuel Neulinger; Maurice Newman; and Myron Patt. The claims against

former defendants Seguros Progreso, S.A., and Kuwait Insurance Co., S.A.K., were voluntarily dismissed. *See* Order dated March 2, 1987; Stipulation and Order dated November 17, 1988.

First Amended Complaint had expired." (Affidavit of Frances Buckley in Support of Motion for an Extension of Time ¶ 8.) Defense counsel "respectfully requests that this Court excuse counsel's failure to comply with this Court's rules" and "emphasize[s] that no such mistake by counsel will ever happen in the future and this Court will never again be inconvenienced by the actions of counsel." *Id.*

## DISCUSSION

Under Rule 6(b)(2), a court may grant an extension of time "upon [a] motion made after the expiration of the specified period" if "the failure to act was the result of excusable neglect." In order to establish excusable neglect, "[t]he moving party must show both good faith and a reasonable basis for not acting within the specified period." *In re Del–Val Financial Corp. Sec. Lit.*, 154 F.R.D. 95, 96 (S.D.N.Y.1994) (citations omitted); *see also In re Prudential Sec. Inc.*, 158 F.R.D. 301, 303–04 (S.D.N.Y.1994) (" 'A finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and a reasonable basis for not complying with the specified period.' ") (quoting *Bruno v. Cook*, 1990 WL 605344 at *2, 1990 U.S.Dist. LEXIS 1497 at *5 (S.D.N.Y.1990)).

Defense counsel asserts that her failure to file an answer to plaintiff's amended complaint was caused by excusable neglect. Defense counsel states that "the reason for the delay was an honest mistake in misinterpreting the court's rules and counsel's inadvertence in relying on the stipulation without first securing the court's approval." (Memorandum of Defendant Korean Reinsurance Corporation in Support of its Motion for an Extension of Time To Answer the First Amended Complaint at 3.) Defense counsel argues that this Court should extend defendant's time to answer plaintiff's amended complaint because defendant acted in good faith and because plaintiff has not been prejudiced. *See id.* at 4–5.

Defendant's Rule 6(b)(2) motion is denied because defendant has failed to demonstrate "a reasonable basis for not acting within the specified period." *In re Del–Val*, 154 F.R.D. at 96. Defense counsel's "honest mistake in misinterpreting the court's rules" is not excusable neglect.

As an initial matter, defense counsel is incorrect in stating that "the reason for the delay was an honest mistake in misinterpreting the court's rules." Although defense counsel previously has submitted papers to this Court that violated the Local Rules and this Court's Individual Rules, the reason for the delay in the instant case was that defense counsel failed to understand the Federal Rules of Civil Procedure, not this Court's Individual Rules or the Local Rules. Federal Rule of Civil Procedure 12(a)(1)(A) establishes a twenty-day time limit in which a defendant must file an answer to a complaint. Thus, defense counsel is incorrect in ascribing her failure to file an answer on time to a misinterpretation of this Court's rules because the Federal Rules, not this Court's Rules, govern the deadline for filing an answer. Remarkably, defense counsel has failed to appreciate this fact even though this Court's June 13, 1995, Memorandum Endorsement stated that defendant had failed to comply with Federal Rule of Civil Procedure 12(a)(1)(A) and this Court's June 19, 1995, Memorandum Endorsement states "defendant needs to bring the instant motion to cure an error caused by defense counsel's failure to understand the Federal Rules of Civil Procedure." *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 86 Civ. 2365, June 19, 1995, Memorandum Endorsement.

Defense counsel's failure to understand the plain language of the Federal Rules of Civil Procedure does not constitute excusable neglect. *See In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir.) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."), *cert. denied*, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 111 (7th Cir.1985) ("Nor do we believe any member of the bar should be able to plead unfamiliarity with the Federal Rules of Civil Procedure in excuse for his or her tardiness . . . ."); *Sherrod v. Piedmont Aviation,*

*Inc.*, 516 F.Supp. 39, 41 n. 1 (E.D.Tenn.1978) (" '[C]ounsel should not expect an application under Rule 6(b)(2) to be granted when failure to act was due to simple inadvertence or a mistake regarding the content of the rules or unfamiliarity with them.' ") (quoting 4 Wright & Miller, Federal Practice and Procedure at 622, § 1165); *Driver v. Gindy Manufacturing Corp.*, 24 F.R.D. 473, 475 (D.C.Pa.1959) ("It is well settled that inadvertence or oversight of the provisions of the federal rules or unfamiliarity with them do not afford an adequate basis for the exercise of legal discretion by a court for the benefit of the party who fails to observe the rules."). Rule 12(a)(1)(A) states that "[u]nless a different time is prescribed in a statute of the United States, a defendant shall serve an answer ... within 20 days after being served with the summons and complaint[.]" The time period established by this rule could hardly be more clear, and defense counsel's failure to interpret this rule correctly does not establish excusable neglect.

Defense counsel's claim of excusable neglect based on her "inadvertence in relying on [a] stipulation without first securing the court's approval" is equally unavailing. *See Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir.1984) (holding that district court did not abuse its discretion in denying a Rule 6(b)(2) motion where "appellants' failure to request an extension of time to respond prior to the return date ... was the result of inadvertence"); 4A Wright & Miller, Federal Practice and Procedure at 480, § 1165 (1987) ("counsel should not expect an application under Rule 6(b)(2) to be granted when failure to act was due to simple inadvertence"). Moreover, if defense counsel had reviewed Rule 6(b)(1), she would have learned that it is an error to rely on a stipulation for an extension of time that has not been approved by a court. *See* F.R.C.P. 6(b)(1) (stating that *"the court ... may ... order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by previous order"*) (emphasis added). Thus, in arguing that her "inadvertence" constitutes excusable neglect, defense counsel is arguing that her failure to understand Rule 6(b)(1) is excusable neglect. As discussed above, defense counsel's failure to

understand the Federal Rules of Civil Procedure does not constitute excusable neglect.

Although defense counsel cites five cases in her brief, each of these cases is inapposite. None of these cases addresses the issue of whether an attorney's failure to understand the Federal Rules of Civil Procedure constitutes excusable neglect. *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185 (3d Cir.1942); *Graham v. Breier*, 418 F.Supp. 73 (E.D.Wis.1976); *Yonofsky v. Wernick*, 362 F.Supp. 1005 (S.D.N.Y.1973); *Vandervelde v. Put & Call Brokers & Dealers Ass'n*, 43 F.R.D. 14 (S.D.N.Y.1967); *Colgate–Palmolive Co. v. North Am. Chem. Corp.*, 238 F.Supp. 81 (S.D.N.Y.1964). Moreover, although several courts have held that mere failure to understand the Federal Rules does not constitute excusable neglect, defense counsel failed to cite any of these cases in her memorandum of law. Rather, defense counsel has ignored these cases and has urged the Court to excuse her neglect based on a handful of cases that simply are not on point. Despite defense counsel's claim that "this Court will never again be inconvenienced by the actions of counsel," (Affidavit of Frances Buckley in Support of Motion for an Extension of Time ¶ 8), defense counsel has brought an entirely meritless motion, has failed to cite any of the relevant case law governing her argument, and has sought to support this motion by citing cases that are inapposite.

As the foregoing discussion makes painfully clear, throughout this entire episode, defense counsel's performance has been appalling. Defense counsel has submitted papers to this Court that violate this Court's Individual Rules, the Local Rules, and the Federal Rules of Civil Procedure. In the papers submitted in support of the instant motion, defense counsel ascribes her failure to submit a timely answer to her misunderstanding of this Court's Individual Rules, when in fact, she failed to submit a timely answer because she failed to understand the Federal Rules of Civil Procedure. Moreover, defense counsel argues that her failure to understand the Federal Rules of Civil Procedure constitutes excusable neglect, despite the fact that the overwhelming weight of authority holds that

it does not. Although defense counsel has a professional obligation to conduct adequate research and to inform this Court of precedent that is contrary to her argument, she failed to cite any of the numerous cases that contradicts her argument.

Once again, this Court strongly advises defense counsel to review the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, and this Court's Individual Rules. This Court also suggests that defense counsel review New York Code of Professional Responsibility, Disciplinary Rule 6–101, which states:

A. A lawyer shall not:

1. Handle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it.

2. Handle a legal matter without preparation adequate in the circumstances.

3. Neglect a legal matter entrusted to the lawyer.

Further, this Court believes defense counsel's conduct may warrant sanctions under Rule 11, which states

By presenting ... the court [with] ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances,* ... the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Not only did defense counsel fail to present this Court with authority to support her argument that inadvertence and misunderstanding of the rules constitute excusable neglect, but she neglected to cite any of the cases that contradict this argument. Thus, it appears that defense counsel submitted papers to this Court without making "an inquiry reasonable under the circumstances." If defense counsel discovered these cases during her research, then Rule 11 sanctions would still be warranted because she failed to apprise the Court of cases that contradict her argument.

Before Rule 11 sanctions can be imposed, however, a court must provide a party with a reasonable opportunity to respond. *See* Fed. R.Civ.P. 11(c). Rule 11(c)(1)(B) states:

On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney ... to show cause why [she] has not violated subdivision (b) with respect thereto.

This Court finds that such an order is warranted in the instant case. Accordingly, defense counsel Frances Buckley is ordered to appear before this Court at 2:30 p.m. on September 12, 1995, to show cause why this Court should not impose Rule 11 sanctions for the conduct described in this Opinion.

Defendant's Rule 6(b)(2) motion is DENIED.

SO ORDERED.